IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE RAVEN,

                                                OPINION and ORDER

             Plaintiff,

                                                09-cv-503-slc[1]

    v.

MATC and GAIL F. BAILEY,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a proposed civil action for monetary relief in which plaintiff, a resident of Columbus, Wisconsin, contends that defendants deprived him of an education and caused him emotional distress. Plaintiff has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order I am assuming jurisdiction over the case.

1

- Take the annual gross income of plaintiff;

- Subtract $3700 for each dependent, excluding plaintiff.

- If the balance is less than $16,000, plaintiff may proceed without any prepayment of fees and costs;

- If the balance is greater than $16,000 but less than $32,000, plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, plaintiff must prepay all fees and costs.

In this case, plaintiff's monthly income is $791, which makes his annual income $9492. He has no dependents. Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed under the in forma pauperis statute, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). I conclude that plaintiff's complaint must be dismissed because it violates Fed. R. Civ. P. 8.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

On October 15, 2007, plaintiff Lee Raven was a student in defendant Gail F. Bailey's business law class at the Watertown campus of defendant Madison Area Technical College. Defendant Bailey asked campus security to order plaintiff to leave the Watertown campus because of a short essay he had submitted in her class. Sometime after this incident plaintiff was given a hearing. At the hearing, Bailey lied about plaintiff's behavior and discussed "filthy racial definitions." Bailey testified that she had been afraid for her safety because plaintiff had used the word "whachawawawa" in his essay. (Although it is unclear from plaintiff's allegations, it appears that he was either suspended or expelled from MATC.)

DISCUSSION

I understand plaintiff to contend that he was denied due process at his hearing regarding the complaint filed by defendant Bailey. Plaintiff alleges that Bailey should not have been permitted to discuss a "filthy racial definition" at the hearing. To allege a procedural due process violation, plaintiff must allege "both that he was deprived of a protected liberty or property interest and that the deprivation occurred without due process." Gauder v. Leckrone, 366 F. Supp. 2d 780, 789 (W.D. Wis. 2005) (citing Pugel v. Board of Trustees of the University of Illinois, 378 F.3d 659, 662 (7th Cir. 2004)). I understand plaintiff to allege that he has been deprived of his "property right" to a college

3

education at MATC. However, "the bald assertion that any student who is suspended from college has suffered a deprivation of constitutional property . . . cannot be right." Williams v. Wendler, 530 F.3d 584, 589 (7th Cir. 2008). A student must provide "proof of an entitlement," which "is a matter of the contract . . . between the student and the college." Id. (citations omitted). Plaintiff has not alleged any facts about his relationship with MATC. It is possible that he was a paying student, but "sheer possibility" is not enough to meet the requirements of Fed. R. Civ. P. 8. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). What is required is *plausibility*. Id. Plaintiff's allegations do not make it plausible that he was entitled not to be suspended without good cause. Therefore, plaintiff's allegations fail to establish that he may have been deprived of a property right.

Further, plaintiff alleges that he was deprived of his education without due process because defendant Bailey lied at the hearing. "The hallmarks of procedural due process are notice and an opportunity to be heard." Pugel, 378 F.3d at 662. In the context of a high school student facing suspension, the student "must be given *some* kind of notice and afforded *some* kind of hearing" to avoid "unfair or mistaken exclusion from the educational process." Goss v. Lopez, 410 U.S. 565, 579 (1975) (emphasis in original). However, a long suspension at a higher level of education may require "'more formal procedures.'" Pugel, 378 F.3d at 664 (citing Goss, 410 U.S. at 584) (noting that adequacy of notice and hearing procedures in graduate student context deprivations may require more extensive procedural

4

requirements). Such formal procedures may include oral or written notice of charges against the student, an explanation of the evidence against him and an opportunity to present his side of the story. Id. at 664 (reasoning that the heightened levels of process, such as those provided in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985), may be appropriate for graduate student suspension).

According to plaintiff's allegations, he received a hearing but the hearing was not fair because Bailey lied at the hearing. Plaintiff does not allege anything else about the hearing or its results. Assuming that he was suspended or expelled, none of plaintiff's allegations make it plausible that he did not receive a meaningful opportunity to present his side of the story. His allegations are insufficient to put defendants on notice about what portion or portions of the hearing failed to satisfy due process. Further, "[d]ue process does not entitle [the charged party] to a favorable result based on [his] testimony, only to a meaningful opportunity to present it. . . . Due process does not require decisionmakers to adopt the charged party's explanation." Pugel, 378 F.3d at 666. The natural inference from plaintiff's allegation that defendant Bailey lied at the hearing is that plaintiff is challenging defendant MATC's decision to accept defendant Bailey's side of the story over his. Such a challenge does not state a due process claim. Plaintiff has a right to due *process;* he does not have a right to a particular result.

To satisfy Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must include allegations

5

sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Plaintiff's due process claim does not satisfy Rule 8's "plausibility requirement." Therefore, his complaint must be dismissed. However, the dismissal will be without prejudice to plaintiff's filing an amended complaint. If plaintiff wishes to overcome the problems identified in this order, he should file an amended complaint in which he describes: (1) what proof he has of entitlement to his education and (2) what specific actions at his hearing made the hearing inadequate under the due process clause. Plaintiff will have until September 29, 2009 to file his amended complaint. If he fails to file an amended complaint by then this case will be closed for failure to prosecute.

ORDER

IT IS ORDERED that:

1. Plaintiff Lee Raven's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8;

2. Plaintiff may have until September 29, 2009, in which to submit a proposed amended complaint that conforms to Rule 8. If, by September 29, 2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute;

6

3. If, by September 29, 2009, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

Entered this 14th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7