IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE RAVEN,

                      Plaintiff,                    MEMORANDUM

   v.

                                               09-cv-503-slc

MATC and GAIL F. BAILEY,

                      Defendants.

---

      Plaintiff is proceeding in this case on her claims against defendant MATC brought under Title VI of the Civil Rights Act of 1964 and its accompanying regulations and on her claim against defendant Gail F. Bailey brought under the equal protection clause of the Fourteenth Amendment.  At a preliminary pretrial conference held on January 20, 2010, I set the schedule for trial including deadlines for filing dispositive motions and for the parties to consent or decline my jurisdiction.  Following the conference, the parties filed consents to my jurisdiction and District Judge Barbara B. Crabb entered an order referring this case to me.  Now plaintiff has filed a motion for summary judgment, brief in support, proposed findings of fact, affidavit and motion to clarify the summary judgment procedures, none of which have been signed.  Before the court can consider these submissions, plaintiff will need to sign the documents as required by the Federal Rules of Civil Procedure.

      Under Rule 11(a), every pleading, motion and other paper filed with the court must be signed by the party if that party is not represented by counsel.  "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P.  11(a).  Therefore, I am returning to plaintiff with her copy of this memorandum the motion to clarify, motion for summary judgment and supporting documents submitted on April 16, 2010.  She will have until May 7, 2010, in which to sign and

return the documents to this court. Failure to do so will result in the court striking these documents in accordance with Rule 11(a).

A word of caution to plaintiff as she prepares her summary judgment submissions for refiling. In many of her proposed findings of fact, plaintiff appears to make conclusory statements about her claims instead of factual propositions. Plaintiff should focus on explaining specific events and backing them up with admissible evidence. She should not rely on generalizations or conclusions she has about the case.

Entered this 23rd day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge